# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK FREY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br><br> Defendant. | Case No.: 1:18-cv-0963 - LJO - JLT <br><br> ORDER DIRECTING PLAINTIFFS TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO SERVE THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES IN COMPLIANCE WITH THE FEDERAL RULES |

On October 3, 2018, the Court ordered Plaintiffs to show cause why sanctions should not be imposed for their failure to comply with the Court's order and failure to prosecute the action. (Doc. 5) In the alternative, Plaintiffs were directed to file proof of service of the summons and complaint upon the defendant. (*Id.* at 2) The same day, Plaintiffs filed a proof of service indicating they had served the U.S. Department of Health and Human Services by priority mail on August 7, 2018. (Doc. 6 at 1)

The Court found the proof of service filed by Plaintiffs was insufficient to establish proper service upon the agency of the United States. Accordingly, the Court ordered Plaintiff to "show cause in writing why sanctions should not be imposed or … file proof of service indicating the U.S. Department of Health and Human Services has been served in compliance with the requirements of the Federal Rules of Civil Procedure no later than November 9, 2018." (Doc. 8 at 1-2) In addition, Plaintiffs were informed the Court's prior order to show remained in effect. (*Id.* at 1) n response, Plaintiffs filed a proof of service, which indicates the U.S. Attorney for the Eastern District of

1

California was personally served. (Doc. 9) However, Plaintiffs have not provided proof of service indicating the Department of Health and Human Services was served in a manner that complies with Rule 4(i) of the Federal Rules of Civil Procedure. To date, they have failed to comply with the Local Rules and the Court's orders.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). Accordingly, the Court **ORDERS**:

1. Plaintiffs **SHALL** show cause no later than **December 3, 2018**, why the action should not be dismissed for their serve the Department of Health and Human Services or file proof of *proper* service upon the agency, as provided by Fed.R.Civ.P. 4(i)(1) and (2).

2. Plaintiffs are advised that no further extensions will be granted absent a showing of exceptionally good cause for their failure to serve the defendant, and **failure to comply with this order will result in the recommendation that the action be dismissed**.

IT IS SO ORDERED.

Dated: **November 24, 2018**  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE